IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARRYL A. PAYTON,              )
                               )
          Plaintiff,           )
                               )
vs.                            )     Case No. 11-3121-MLB-KGG
                               )
CARREY MARLETTE, *et al.*,     )
                               )
          Defendants.          )
_____)

## ORDER ON APPOINTMENT OF COUNSEL

By Order filed June 29, 2011 (Doc. 4), United States Senior District Judge Sam A. Crow denied Plaintiff's motion to proceed *in forma pauperis* (Doc. 2). The District Court also ordered the compiling of a *Martinez* report, which was subsequently filed on December 15, 2011. (*See generally*, Doc. 25.) Thereafter, the matter was reassigned to District Judge Monti Belot by Order dated May 24, 2012 (Doc. 31), and then referred to the undersigned Magistrate Judge for all pretrial matters.

Plaintiff then filed his motion for appointment of counsel (Doc. 32) on June 7, 2012. In his motion, Plaintiff, who is an inmate in the custody of the State of Kansas, contends that he "has a very limited knowledge of the law" and that

appointment of counsel is "both essential and necessary to prevent Procedural Defects and for the protection of any Rights the Plaintiff may have in a Civil Proceeding to Protect the Plaintiff's Constitutional Rights."  (Doc. 32, at 1.)

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

In considering the *Castner* factors, the Court determines that Plaintiff, who is a prison inmate, has a limited ability to afford counsel even though he had the ability to pay his federal court filing fee.  The Court sees no glaring concerns on the face of Plaintiff's federal court Complaint, which alleges various Constitutional

violations.  (Doc. 1.)  Although the Court has no indication that Plaintiff has engaged in any search for counsel – let alone a diligent search – the Court finds that requiring Plaintiff to do so would be futile given his current confinement.  As such, the analysis will turn on the final *Castner* factor – Plaintiff's capacity to represent himself.  979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.*, at 1422.  The Court notes that the factual and legal issues in this case are not unusually complex.  *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").  Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.  The Court finds no valid basis to distinguish Plaintiff from the many other untrained individuals, including inmates, who represent themselves *pro se* in Courts throughout the United States on any given day.

**IT IS THEREFORE ORDERED** that Plaintiff's request for appointment of counsel (Doc. 32) is **DENIED**.

Dated at Wichita, Kansas, on this 2nd day of July, 2012.

    S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge